# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES HARRISON COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 6:20-CV-03351-WJE |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff James Harrison Cook seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401, *et seq.* Administrative Law Judge Mary J. Leary ("ALJ") found that although Mr. Cook had several severe and non-severe impairments, he retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

## I. Background

Mr. Cook protectively filed a claim for DIB on November 8, 2018. (AR 10). He alleges a disability onset date of March 3, 2018, due primarily to agoraphobia panic, anxiety, stomach issues from esophagus cancer surgery, a sleeping disorder, and short-term memory loss. (*Id.* 10, 491, 504). Mr. Cook's claim was denied initially on April 2, 2019. (*Id.* 10). He then filed a written request for hearing, which was held on January 27, 2020. (*Id.*).

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

On February 14, 2020, the ALJ denied Mr. Cook's claim. (*Id.* 7). The ALJ determined that although Mr. Cook had severe and non-severe impairments, none of them met or exceeded a listed impairment. (*Id.* 12-18). She also determined that Mr. Cook had an RFC to perform a full range of work at all exertional levels with certain limitations, including:

> [He] can frequently stoop; occasionally climb ladders, ropes, and scaffolds; occasionally crawl; must avoid concentrated exposure to vibration and all exposure to hazards such as dangerous machinery and unprotected heights; can understand, remember, and carry out uncomplicated commands involving simple instructions and make simple work related decisions; can sustain concentration, persistence, and pace through simple tasks; and can tolerate occasional contact with coworkers and supervisors and the general public in small numbers for short periods of time in a work setting where he can complete tasks relatively independently and where social interaction is not a primary job requirement.

(*Id.* 18-19). During the January 27, 2020 hearing, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Mr. Cook's age, education, and work experience, along with the RFC identified above, would be capable of working. (*Id.* 24, 241-42). The VE testified that such an individual could perform work as a bag loader, addresser, dryer attendant, or box bender. (*Id.* 24-25, 242).

Following the ALJ's decision, Mr. Cook filed an appeal with the Appeals Council. (*Id.* 472-73). The Appeals Council denied Mr. Cook's request for review, leaving the ALJ's decision as the Acting Commissioner's final decision. (*Id.* 1-4). Since Mr. Cook has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 405(g).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. § 423(d) rests on the claimant. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled

and benefit-eligible. 20 C.F.R. § 404.1520; *see also Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019) (citation omitted). The Commissioner must evaluate:

> (1) whether the claimant is presently engaged in a substantial gainful activity;
> (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
> (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
> (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
> (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003).

### III.   Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (citation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (citation omitted); *Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

### IV.   Discussion

Mr. Cook raises five arguments in his appeal before the Court: (1) the Appeals Council failed to consider additional evidence submitted after the ALJ rendered a decision; (2) the ALJ failed to support the physical RFC decision with substantial evidence; (3) the ALJ failed to consider the effects of his degenerative disc and joint diseases on his RFC; (4) the ALJ failed to support the mental RFC decision with substantial evidence; and (5) the ALJ posed an inadequate hypothetical question to the VE. (*See* Doc. 18 at 11-19). This Court considers each argument in turn and will affirm on all grounds.

    A.  *The Appeals Council properly did not consider the additional medical evidence.*

Pursuant to 20 C.F.R. § 404.970, "the Appeals Council [must] consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Whitney v. Astrue*, 668 F.3d 1004, 1006 (8th Cir. 2012) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)).

Here, the Appeals Council did not consider the additional medical evidence because none of the evidence was new, material, and related to the period before the ALJ rendered a decision. First, the Appeals Council did not consider evidence from Cornerstone Family Care from February 8, 2014, to June 18, 2018, because it was not new. (AR 2). This evidence was already in the record as Exhibits 2F, 3F, and 11F. (*Id.*). Second, the Appeals Council did not find the records from Wayne Graves at Cornerstone Family Care material, so this evidence was not considered. (*Id.*). The Appeals Council explicitly stated that "this evidence does not show a reasonable probability that it would change the outcome of the decision." (*Id.*). Third, the Appeals Council found that the medical source statement from Bonnie Guier "[did] not relate to the period at issue." (*Id.*). Specifically, the medical source statement was not signed or dated. (*Id.* 200-203). In addition, the cover page of the statement requesting an opinion was dated June 3, 2020, nearly four months after the ALJ rendered a decision. (*Id.* 198). Therefore, this Court finds that the Appeals Council

properly did not consider the additional medical evidence because none of the evidence Mr. Cook submitted was new, material, and relevant to the period before the ALJ rendered a decision.

> B. *The ALJ's physical RFC decision is supported by substantial evidence.*

The claimant's RFC is "the most [a claimant] can still do despite his or her physical or mental limitations." *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004) (quotations omitted). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of [her] limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). To determine the claimant's RFC, the ALJ is responsible for deciding questions of fact, including the credibility of a claimant's subjective reports about his limitations. *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003) (citing *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992)). "It is the function of the ALJ to weigh conflicting evidence." *Dols v. Saul*, 931 F.3d 741, 749 (8th Cir. 2019) (quoting *Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007)).

The ALJ properly determined Mr. Cook's physical RFC based on all the relevant evidence in the record, including the medical evidence, Mr. Cook's daily activities, and Mr. Cook's subjective reports of his impairments. (AR 19-23). While the ALJ relied in part on Dr. Trowbridge's prior administrative medical findings, the ALJ's findings were still based on the complete medical record, including records from Dr. Pattison and Dr. Graves, which Mr. Cook specifically contests. (*Id.* 20-23). Dr. Trowbridge considered Mr. Cook's entire medical history, including care he received from Dr. Pattison as recently as June 18, 2018. (*Id.* 424-25). Similarly, the ALJ cited to Dr. Pattison's records from November 2016 and June 2018 to determine Mr. Cook's physical RFC. (*Id.* 20). The ALJ also supported her RFC decision with references to Mr. Cook's daily activities, like riding a motorcycle and jet ski. (*Id.*). Additionally, the ALJ properly

weighed conflicting evidence to determine the credibility of Mr. Cook's subjective reports regarding his physical impairments. (*Id.* 222; *see Dols*, 931 F.3d at 749 (quoting *Kirby*, 500 F.3d at 709)). Based on Mr. Cook's December 2018 Adult Function Report, the ALJ determined that he did not have trouble squatting, bending, kneeling, or climbing stairs, despite Mr. Cook's subjective claims. (*Id.* 518). Thus, Mr. Cook's physical RFC is supported by substantial evidence because the ALJ properly considered all the relevant evidence.

### C. The ALJ properly considered the effects of Mr. Cook's degenerative disc and joint diseases to determine his RFC.

The ALJ must consider all the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's RFC. 20 C.F.R. § 404.1545(a)(2). As previously discussed, "[i]t is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of [her] limitations." *Pearsall*, 274 F.3d at 1217-18 (citing *Anderson*, 51 F.3d at 779).

The ALJ properly considered Mr. Cook's degenerative disc and joint diseases in her RFC decision. The ALJ concluded that Mr. Cook's degenerative disc and joint diseases were not severe. (AR 13). While the ALJ did not expressly discuss Mr. Cook's degenerative disc or joint diseases in her RFC analysis, she did explicitly state that "[she] considered all of [Mr. Cook's] medically determinable impairments, including those that are not severe, when assessing [his] [RFC]." (*Id.* 15). Additionally, Dr. Trowbridge expressly relied on medical records related to Mr. Cook's disc and joint diseases, and the ALJ found Dr. Trowbridge's findings persuasive. (*Id.* 20, 424). The ALJ also considered Mr. Cook's subjective reports of his disc and joint diseases. (*Id.* 13). However, the record as a whole suggested that the diseases do not affect his ability to do basic work activities, especially considering that Mr. Cook continued to work until March 2018. (*Id.* 13,

504). He did not allege disability due to any disc or joint diseases, nor did he indicate that the diseases affected his ability to lift, squat, bend, kneel, or climb stairs in his December 2018 Adult Function Report. (*Id.* 504, 518). In his testimony during his hearing, Mr. Cook stated he could still lift 100 pounds. (*Id.* 233). Therefore, the ALJ properly considered Mr. Cook's non-severe impairments in her RFC decision.

    *D. The ALJ's mental RFC decision is supported by substantial evidence.*

  The ALJ properly formulated Mr. Cook's mental RFC. Mr. Cook argues that the additional medical evidence that the Appeals Council did not consider would have changed the outcome of the ALJ's mental RFC determination. (Doc. 18 at 17-18). However, as previously discussed, the Appeals Council did not err when they did not consider the additional medical evidence. Given that Mr. Cook does not raise any other challenges to his mental RFC, the ALJ's determination was proper.

    *E. The ALJ adequately formulated a hypothetical question to the VE.*

  The hypothetical question the ALJ proposes to a VE must capture the consequences of the claimant's deficiencies. *Pickney v. Chater*, 96 F.3d 294, 297 (8th Cir. 1996) (citing *Roe v. Chater*, 92 F.3d 672, 674 n.2 (8th Cir. 1996)). Yet, when posing a hypothetical question to a VE, the ALJ needs to only include impairments that the ALJ finds credible and supported by the record. *See Smith v. Colvin*, 756 F.3d 621, 627 (8th Cir. 2014); *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014).

  Here, the ALJ adequately formulated the hypothetical question to the VE because it accounted for all Mr. Cook's impairments. The ALJ's question to the VE referenced a hypothetical individual with Mr. Cook's age, education, work experience, and RFC. (AR 24, 241-42). As previously discussed, the ALJ formulated Mr. Cook's RFC by evaluating all the relevant evidence,

including medical records, Mr. Cook's subjective reports, and Mr. Cook's daily activities. (*Id.* 18-23). Thus, the hypothetical question posed to the VE adequately captured the credible consequences of Mr. Cook's impairments. (*Id.*).

### V. Conclusion

For the reasons as set forth herein, the Court finds the Acting Commissioner's determination that Mr. Cook was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed as set forth herein.

Dated this 19th day of October, 2021, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge